UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

v.  Crim. No. 04-10333

KATHLEEN D. KELLY

## SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD DEPARTURE

Now comes the defendant, Kathleen Kelly, and submits this Memorandum and Motion for Downward Departure for the Court's consideration at sentencing.

### FACTUAL BACKGROUND

The defendant adopts the factual background as set forth in the Presentence Report, with the exception of those unresolved objections that the defendant presented to the probation officer.

The defendant is a 38 year old woman who lives at home with her elderly father, Edward Kelly. They live in a converted duplex (now comprising one home for both of them) in Dorchester. She is primarily responsible for Mr. Kelly's assistance and care, and has been for a long period of time. Her father suffers from a debilitating heart condition. As a result, Ms. Kelly prepares the food, does the shopping, and takes care of all the yardwork. This care is invaluable to the well being of her father.

The defendant is also the mother of an eight year old daughter. She does not currently have physical custody of her daughter as a result of her repeated substance abuse difficulties. All of these problems in her life are largely attributable to the abuse of alcohol.

### ARGUMENT

1.  <u>The Court should depart downward from the Guideline range based upon the totality of</u>

<u>the circumstances in Ms. Kelly's life and surrounding the crime</u>.

The presentence report clearly indicates the types of problems that Ms. Kelly has had in her life. She has historically had an incredible problem with alcohol addiction, and this led to not only the current charges, but additional difficulties in her life.

Ms. Kelly is responsible for the care of her elderly father. As the PSR notes, her father has a history of heart problems, and requires some care in his day to day life. While he is not handicapped to the point of requiring constant nursing, it is difficult for him to tend to the day to day activities, such as cooking, cleaning, laundry, grocery shopping and the like. Ms. Kelly has taken responsibility for those activities, so that he can continue to live in his long time home without additional care.

Ms. Kelly has been seeking stability for some time now. She has been admitted to Gosnald in an attempt to shake her alcoholism. She has tried in the past to join Alcoholics Anonymous and other methods of "kicking" her addiction, but short of inpatient detox she was not successful. However, as part of her pretrial services requirements, she was admitted to Gosnald for inpatient detox, and has been alcohol free since that time.[1] Additionally, she is currently being treated at Carney Hospital's Partial Hospitalization Program for substance abuse treatment and group therapy. These programs have been of immense help in getting her addiction under control.

The defendant also notes that she is a 38 year old woman without a criminal history. As a result of her termination from the postal service, her likelihood of recidivism in this case is

---

[1] The defendant's alcoholism was initially exacerbated by the fear of going to prison. Despite this, she has been successful in the treatment program, which indicates that she has a good chance of continuing her current course after sentencing.

negligible. Furthermore, the defendant submits that this was an act of aberrant behavior on her part, as evidenced by her prior lack of criminal behavior.

Overall, the totality of the circumstances in this case warrant a downward departure from the sentencing guidelines. Ms. Kelly has extraordinary responsibility for the care of her father, and has undertaken significant steps in recovering from her alcohol addiction, which was largely the reason for this crime.

2. <u>The defendant is a good candidate for a sentence of probation</u>.

For many of the same reasons forming the basis for a downward departure, the defendant submits that she is a good candidate for a sentence of probation. In reviewing the sentencing factors, the Court may determine that the goals of sentencing are best served by probation instead of a term of imprisonment. There are several reasons for this:

Firstly, the defendant does not have a high guideline score, either by the postion of the probation department, the government, or by the defendant's own position. The probation department calculates her guideline score to be a 14, with a criminal history of 1, resulting in an advisory guideline range of 15 to 21 months. The defendant, as set forth fully in her objections to the presentence report, maintains that her proper guideline score is 10, at a criminal history of 1, resulting in a guideline range of 6-12 months. The difference, to summarize, is that the defendant maintains that she should be awarded a two point reduction for acceptance of responsibility, and that the enhancement of abuse of a position of trust is inappropriate. The defendant maintains that this enhancement is inappropriate since the guideline range already took into account the position of the defendant, especially given the enhancement of 6 points based upon the number of pieces of mail.

Secondly, the defendant notes that any guideline range was rendered advisory by the Supreme Court decision in United States v. Booker, __ U.S. __ (2005). Therefore, the statutory provision allowing for probation between 1 and 5 years is appropriate for this Court to rely upon, as opposed to the guideline provisions regardless of the position taken by the Court regarding the proper Guideline calculation.

Finally, the defendant requests that the Court consider the lengths she has undergone to rehabilitate herself since her commission of this offense. These actions, and her responsiveness to pretrial services, indicate that Ms. Kelly is a good candidate for a period of probation.

## CONCLUSION

Wherefore, the defendant, Kathleen Kelly, requests that this Court depart downward from the Guidelines such that it may impose a term of probation on her, in the event that her Guideline range minimum is greater than 6 months. Notwithstanding this request, the defendant maintains that her proper guideline range is within "Zone B," and therefore she is eligible for probation.

The defendant requests that this Court sentence her to a term of probation, with conditions appropriate to the defendant's circumstances so that she can continue to rehabilitate herself and to care for her father.

|  |  |
|---|---|
|  | Respectfully Submitted, By her attorney, |
| Date: April 20, 2005 | /s/ MELVIN NORRIS<br>Melvin Norris (BBO# 373900)<br>260 Boston Post Road, Suite 9<br>Wayland, MA 01778<br>(508) 358-3305<br>Fax: (508) 358-7787 |