All of the parties who have looked at this case and at the defendant--including the office of United States Attorney, the Probation Office and Pretrial Services are agreed that probation is the appropriate sentence for this defendant.  To impose a sentence of the probation, however, the court must set aside the Guidelines, because probation is not an option under the Guidelines range for this offense, and it is at least questionable whether there are grounds for a departure under the guidelines.  Moreover, the Guidelines, in the court's view, are particularly unfair in this case because they impose a two-level adjustment for abuse of a position of trust.  The position of trust is that of being a postal employee.  The Application Notes specifically recite that "an adjustment for an abuse of a position of trust will apply to any employee of the U. S. Postal Service who engages in the theft or destruction of undelivered United States mail." The irony is that the offense of which the defendant stands convicted can *only* be committed by a postal employee.  Beyond that consideration, the Guidelines do not adequately provide for an individual assessment of the defendant in the circumstances of this case.

It is appropriate, therefore, that the court look to the statutory considerations in fashioning a sentence.  The court is satisfied that the defendant understands the seriousness of her conduct, that she is genuinely remorseful, and that it is unlikely that she will commit another offense.  The prospect of facing conviction and imprisonment for this offense has taken an obvious toll on the mental state defendant, who already was in fragile psychological condition.  That psychological trauma and its after effects will deter the defendant from future antisocial conduct and, at the same time, is part of our punishment.  The only explanation evident in the record of this case as to why the defendant committed the offense, is that she suffers the twin disabilities of alcoholism

and clinical depression. The court is of the view that, but for these disabilities, the offense would not have been committed. However, because the record does not permit a finding of the extent to which her clinical depression--as distinguished from her alcoholism--influenced the commission of the offense, the court is unable to make a departure from the established a Guidelines range on the ground of diminished capacity. The court believes, however, that if her disabilities are treated, the defendant can lead a productive life. Treatment is likely to be more effective in a community setting than in a BOP facility. A sentence of probation, then, will permit the defendant to get the required treatment and at the same time willto allow her an opportunity for gainful employment. The sentence also will also permit her to care for her ailing father. For all of these reasons, the court believes that the sentence of probation is reasonable and, the case of this defendant, meets all of the objectives of sentencing set forth in 18 USC section 3553 (a).